UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| SYLVAN L. GODFREY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 3:20-CV-03017-RAL<br>3:13-CR-30118-RAL<br><br><br>ORDER DENYING MOTIONS TO RECALL<br>THE MANDATE |

Petitioner Sylvan Godfrey filed two motions to recall the mandate in his criminal file and in his successive habeas appeal civil file. As motions to recall the mandate are applicable to appellate proceedings, not those considered at the district court level, Godfrey's motions to recall the mandates are denied. To the extent the motions are successive habeas petitions under 28 U.S.C. § 2255, this Court dismisses them for failure to acquire a certificate of appealability.

I. Background

Godfrey was convicted of aggravated sexual abuse of a child after a jury trial. See United States v. Godfrey, 3:13-CR-30118-01-RAL at Doc. 67. On August 11, 2014, this Court sentenced Godfrey to 360 months in federal custody. United States v. Godfrey, 3:13-CR-30118-01-RAL at Doc. 78. The United States Court of Appeals for the Eighth Circuit affirmed his conviction and sentence on May 4, 2015. See United States v. Godfrey, 3:13-CR-30118-01-RAL at Docs. 98, 99, 101, 102.

1

On July 5, 2016, Godfrey filed his first motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See Godfrey v. United States, 3:16-CV-03030-RAL at Doc. 1. This Court dismissed Godfrey's first petition on September 2, 2016. Godfrey v. United States, 3:16-CV-03030-RAL at Docs. 10, 11. Godfrey filed a notice of appeal to the Eighth Circuit. Godfrey v. United States, 3:16-CV-03030-RAL at Docs. 14, 15. Thereafter, Godfrey sought to obtain a certificate of appealability, which this Court denied. Godfrey v. United States, 3:16-CV-03030-RAL at Docs. 20, 21. The Eighth Circuit also denied a certificate of appealability and issued a mandate and, thereafter, dismissed Godfrey's appeal on June 1, 2017. See Godfrey v. United States, 3:16-CV-03030-RAL at Docs. 27, 28. Godfrey next filed a second § 2255 motion directly with the Eighth Circuit in May 2020. See Godfrey v. United States, 3:20-CV-03017-RAL at Doc. 8 at 2. The Eighth Circuit denied relief and issued a mandate in August 2020. See Godfrey v. United States, 3:20-CV-03017-RAL at Doc. 8 at 2.

On September 28, 2020, Godfrey filed another petition under 28 U.S.C. § 2255 with this Court raising claims that his trial counsel was deficient, his case should have been presented before the tribal court, and exculpatory witnesses were improperly excluded from trial. Godfrey v. United States, 3:20-CV-03017-RAL at Doc. 1. This Court granted the government's motion to dismiss because Godfrey did not obtain authorization for a second or successive habeas motion from the court of appeals. Godfrey v. United States, 3:20-CV-03017-RAL at Docs. 12, 13.

Godfrey has now filed two new motions, both to recall the mandate. On January 25, 2022, in United States v. Godfrey, 3:13-CR-30118-RAL, Godfrey moved, Doc. 118, to recall the mandate, Docs. 101, 102, in which the Eighth Circuit affirmed denial of a rehearing en banc regarding Godfrey's conviction in his criminal file. He attached an exhibit with cases he claims support his argument he was given an unlawful sentence enhancement and requests an attorney

to assist him with his filing. He claims documents supporting this motion were destroyed in a hurricane and requests this Court direct the U.S. Armed Forces reserve complexes to secure any remaining records.

On February 1, 2022, in Godfrey v. United States, 3:20-CV-03017-RAL at Doc. 16, Godfrey moved to recall the mandate—though what mandate is unclear. In his first ground for relief, Godfrey contended he was given an unlawful enhancement under the Armed Career Criminal Act (ACCA) because his enhancement could not be used as the predicate violent offense under the ACCA. In ground two, he requested an attorney to assist him with his filing. He also attached an exhibit stating he was denied effective assistance of counsel.

On February 28, 2022, in both of Godfrey's habeas civil files, see Godfrey v. United States, 3:16-CV-03030-RAL; Godfrey v. United States, 3:20-CV-03017-RAL, the Court of Appeals entered a judgment and mandate denying Godfrey approval to file any additional habeas actions.

For the reasons set forth below, this Court dismisses Godfrey's motions to recall the mandate as improvidently filed in the district court and to the extent they attempt to start successive habeas petitions under 28 U.S.C. § 2255, denies them as Godfrey has failed to secure authorization to file another motion under the statute. Godfrey's motions for appointment of counsel are denied.

## II. Discussion

In the Eighth Circuit, a mandate may be recalled only "to prevent injustice." Walker v. Lockhart, 726 F.2d 1238, 1267 (8th Cir. 1984) (en banc). "The mandate is the command of the appellate court to the court below to execute the appellate judgment." Steven D. McLamb, Federal Appellate Procedure - Recall of Mandate - Review of Judgments after Rehearing and Appeal

3

Periods Expire, 24 Vill. L. Rev. 157, 159 (1978). A motion to recall a mandate is used at the appellate level when a litigant attempts to return to the court that issued a judgment when he or she has exhausted all other avenues for appeal to pray that the court reconsider its prior mandate. See David G. Seykora, Recall of Appellate Mandates in Federal Civil Litigation, 64 Cornell Law Review 5, 704 (April 1979). At the district court level, motions to amend or alter a judgment are guided by Rule 59(e) of the Federal Rules of Civil Procedure while Rule 60(b) governs relief from a judgment. Fed. Rules Civ. Pro. Rules 59(e), 60(b)(2). At the appellate level, the individual circuits have developed their own rules to reconsideration of a mandate while Rule 40 of the Federal Rules of Appellate Procedure explains the procedure to petition for a panel rehearing and Rule 41 explains the mandate. See Seykora, Recall of Appellate Mandates in Federal Civil Litigation, 64 Cornell Law Review 5 at 706; Fed. Rules App. Pro. Rules 40, 41.

A motion to recall the mandate is considered a motion of "last resort," Thompson v. Nixon, 272 F.3d 1098, 1099–100 (8th Cir. 2001) which is "rarely exercised" and only used as an "extraordinary remedy" for "extreme and necessitous cases," Ruiz v. Norris, 104 F.3d 163, 164 (8th Cir. 1997); see also 5 C.J.S. Appeal and Error § 1195 (limiting motions to recall the mandate to "extraordinary circumstances"). Thus, it is no surprise "[t]he standard for recalling a mandate in habeas corpus litigation is a strict one." Thompson, 272 F.3d at 1099–100 (8th Cir. 2001). The Eighth Circuit has stated

> When the decision in question is ... a denial of a petition for habeas corpus, a motion to recall the mandate to allow consideration of a new ground or contention is the functional equivalent of a second or successive petition for habeas corpus. Such a motion can be granted, and the new ground or contention decided on the merits, only if the case meets the exacting standards for second or successive petitions.

Ruiz, 104 F.3d at 164. A motion to recall the mandate "cannot be used to allege ineffectiveness of *trial* counsel." Hall v. Luebbers, 296 F.3d 685, 697 n.6 (8th Cir. 2002). And they cannot be

utilized as a "vehicle by which a movant can raise any and all errors in appellate proceedings." Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994).

This Court, as a United States district court, cannot recall a mandate issued by the United States Court of Appeals for the Eighth Circuit. See Ruiz, 104 F.3d at 164 (the Eighth Circuit has stated that it has the "power to recall *our* mandate and reconsider a decision to prevent injustice") (emphasis added); see also S. S. Kresge Co. v. Winget Kickernick Co., 102 F.2d 740, 742 (8th Cir. 1939) (Eighth Circuit stating "we do not doubt the power of this Court to construe *its* mandates whenever it deems it advisable so to do"). Thus, this Court declines to rule on Godfrey's motions to recall the mandate and dismisses them as improvidently filed in the district court. To the extent Godfrey's filings are successive motions seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, this Court denies Godfrey's motions as authorization to file additional habeas petitions has been denied multiple times. See Godfrey v. United States, 3:16-CV-03030-RAL at Doc. 27; Godfrey v. United States, 3:20-cv-03017-RAL at Doc. 12. Godfrey's requests for appointment of counsel are denied as moot. Therefore, it is

ORDERED that Godfrey's motion to recall mandate to the extent it is seeking to have the Court consider a successive habeas petition and request for appointment of counsel, Doc. 16, in Godfrey v. United States, 3:20-CV-03017-RAL, are denied. It is further

ORDERED that Godfrey's motion to recall mandate to the extent it is seeking to have the Court consider a successive habeas petition and request for appointment of counsel, Doc. 118, in United States v. Godfrey, 3:13-CR-30118, are denied.

DATED this 14th day of June, 2022.

                                      BY THE COURT:

                                      _____
                                      ROBERTO A. LANGE
                                      CHIEF JUDGE